# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL M. HERRERA, ) | |
| ) | |
| Plaintiff, ) | Case No. 26-cv-435 |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, ) | **JURY TRIAL DEMANDED** |
| ANDREW KATS, and ) | |
| JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff Samuel M. Herrera, by and through his attorney, Peter T. Sadelski of Sadelski Law, PLLC, brings this Complaint against Defendants City of Chicago, Andrew Kats, and John Does, alleging as follows:

### **JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because it arises under the laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within this District.

### **PARTIES**

4. At all relevant times, Plaintiff Samuel M. Herrera ("Plaintiff") resided in the State of Illinois and the United States of America.

5. At all relevant times, Defendants Andrew Kats and John Does (collectively "Defendant Officers") were police officers in the Chicago Police Department. Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6. At all relevant times, City of Chicago ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by its representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7. On or about December 10, 2025, at approximately 7:30 pm, Plaintiff walked into an alley near 5501 South Halsted Street, Chicago, Illinois 60621.

8. Plaintiff was wearing a satchel.

9. Defendant Officers pulled up next to Plaintiff in two police vehicles.

10. Defendant Officers impeded Plaintiff's path with the police vehicles.

11. Defendant Officers exited the police vehicles.

12. Defendant Officers approached Plaintiff.

13. Defendant Officers searched Plaintiff's person.

14. Defendant Officers searched Plaintiff's satchel.

15. Not finding any contraband, Defendant Officers left the scene.

## COUNT I
### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

16. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

17. Defendant Officers seized Plaintiff without legal justification when they blocked his pathway with their vehicles, approached him, and/or searched his person and/or satchel.

18. Defendant Officers deprived Plaintiff of his right secured by the Fourth Amendment against unreasonable seizures to the United States Constitution, and laws enacted thereunder.

19. Defendant Officers' actions caused Plaintiff to suffer emotional and/or other injuries.

20. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT II
### UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

21. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

22. Defendant Officers searched Plaintiff's person and/or his satchel without legal justification.

23. Defendant Officers deprived Plaintiff of his right secured by the Fourth Amendment against unreasonable searches to the United States Constitution, and laws enacted thereunder.

24. Defendant Officers' actions caused Plaintiff to suffer emotional and/or

other injuries.

25. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT III
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS LAW

26. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

27. Defendant Officers intentionally imprisoned Plaintiff without legal justification when they blocked his pathway with their vehicles, approached him, and/or searched his person and/or satchel.

28. The imprisonment caused Plaintiff to suffer emotional and/or other injuries.

29. Defendant City is liable for false imprisonment under Illinois law under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

a. Defendants shall pay general damages.

b. Defendants shall pay special damages.

c. Defendants shall pay Plaintiff's attorney fees.

d. Defendant Officers shall pay punitive and exemplary damages.

e. Defendants shall pay the costs of the suit herein incurred.

f. Plaintiff shall receive any award this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: January 15, 2026

                                            Respectfully submitted,

                                            */s/ Peter T. Sadelski*
                                            Peter T. Sadelski
                                            Sadelski Law, PLLC
                                            1 North State Street, Suite 1506
                                            Chicago, Illinois 60602
                                            (312) 625-6564
                                            peter.sadelski@sadelskilaw.com
                                            *Attorney for Plaintiff*